IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TOMMY DAVIS, )
)
    Petitioner, )
)
v. ) Case No. CIV-11-209-D
)
RANDY WORKMAN, )
)
    Respondent. )

## **REPORT AND RECOMMENDATION**

Mr. Tommy Davis is a state prisoner. Even though this Court lacks jurisdiction, it should transfer the action to the Eastern District of Oklahoma.

Under federal law, the Western District of Oklahoma can only issue a writ of habeas corpus "within [its] respective jurisdiction[]."[1] This language requires the Court to have jurisdiction over the custodian.[2] "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."[3]

---

[1]     28 U.S.C. § 2241(a).

[2]     *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973).

[3]     *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

The sole respondent is the warden of the prison in McAlester,[4] which is in the Eastern District of Oklahoma.[5] Because Mr. Davis is challenging his present confinement, the Western District of Oklahoma lacks jurisdiction over the warden.[6]

Without jurisdiction, the Court should decide whether to order dismissal or transfer "in the interest of justice."[7] Transfer would be appropriate in the present action in light of the unique procedural circumstances.

Mr. Davis had earlier filed similar claims as a Section 1983 action, and the Court dismissed the action because the allegations would not have created liability on the part of the two defendants.[8] In doing so, however, the Court stated in dicta that the action should have been filed as a habeas petition.[9] This statement led Mr. Davis to refile the action as a habeas petition.[10]

---

[4] *See* Doc. 5.

[5] *See* 28 U.S.C. § 116(b).

[6] *See supra* p. 1.

[7] *See Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006) (discussing 28 U.S.C. § 1631).

[8] *See* Report and Recommendation at pp. 3-4, *Davis v. Jones*, Case No. CIV-10-1023-M (W.D. Okla. Nov. 12, 2010), *adopted* (W.D. Okla. Dec. 28, 2010).

[9] *See* Report and Recommendation at p. 2 n.1, p. 4 n.3, *Davis v. Jones*, Case No. CIV-10-1023-M (W.D. Okla. Nov. 12, 2010), *adopted* (W.D. Okla. Dec. 28, 2010).

[10] Mr. Davis explained in a telephone conference on March 4, 2011, that the judge's remark had led him to refile the action as a habeas petition.

Jurisdiction is clearly absent here, but Mr. Davis' confusion about the proper court is understandable. He filed the civil rights action in the Northern District of Oklahoma, but that court transferred the action to the Western District of Oklahoma.[11] This transfer order presumably led Mr. Davis to believe that he should file the habeas action in the same court. This belief would have been mistaken, but understandable on the part of a layperson.[12]

Transfer should take place notwithstanding a potential defect in the habeas petition. Mr. Davis stated in a telephone conference on March 4, 2011, that he is ultimately seeking to challenge the constitutionality of a disciplinary conviction obtained while he was at a prison in the Western District of Oklahoma. But in the present action, Mr. Davis has not challenged the constitutionality of the disciplinary conviction.[13] The absence of such a claim could affect the availability of habeas relief. However, even if the current petition were defective on this ground, Mr. Davis could amend upon transfer.[14] This ability to cure potential defects in the habeas petition would support transfer rather than dismissal.

---

[11]     Order, *Davis v. Jones*, Case No. 10-CV-580-TCK-FHM (N.D. Okla. Sept. 17, 2010).

[12]     The action had been transferred because of the venue requirements for a civil rights action. Order, *Davis v. Jones*, Case No. 10-CV-580-TCK-FHM (N.D. Okla. Sept. 17, 2010). Those requirements differ from the provisions limiting the Court's jurisdiction in a habeas proceeding. *See supra* pp. 1-2.

[13]     *See* Enter Order (Mar. 4, 2011).

[14]     *See* 28 U.S.C. § 2242 (stating that an application for a writ of habeas corpus "may be amended . . . as provided in the rules of procedure applicable to civil actions"); Fed. R. Civ. P. 15(a)(1) (providing a right to amend within 21 days of service of the complaint or 21 days after service of an answer or a motion under Rule 12(b), 12(e), or 12(f)).

In these circumstances, the Court should transfer the action to the Eastern District of Oklahoma rather than order dismissal.

The Petitioner is advised of his right to object to this report and recommendation by March 28, 2011.[15] If the Petitioner does object, he must file the objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Petitioner is further advised that if he does not timely object, he would waive his right to appellate review of the suggested ruling.[16]

This report and recommendation discharges the referral.

Entered this 11th day of March, 2011.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[15] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(d), 72(b)(2).

[16] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).